**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye C. Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone     714-966-1000
Facsimile     714-966-1002

Attorneys for Thomas H. Casey,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>779 STRADELLA, LLC, a Delaware limited liability company,<br><br>        Debtor. | Case No. Case No. 8:16-bk-15156-CB<br><br>Chapter 7 Case |
| THOMAS H. CASEY, Chapter 7 Trustee of the Estate 779 Stradella, LLC<br><br>               Plaintiff,<br>   v.<br><br>PAUL J. MANAFORT, an individual<br><br>               Defendant. | Adv. No. _____<br><br>**COMPLAINT:**<br><br>**(1)  TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(1), 3439.07 AND 3439.09;**<br>**(2)  TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2), 3439.07 AND 3439.09;**<br>**(3)  TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550;**<br>**(4)  TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550;**<br>**(5)  TO AVOID AND RECOVER PREFERENTIAL TRANSFER** |

Weiland, Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

2

3

4

5

**PURSUANT TO 11 U.S.C. §§ 547(b) AND 550; AND**

**(6) TO PRESERVE AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551**

6    Thomas H. Casey, the chapter 7 trustee ("the Trustee" or "Plaintiff") of the estate ("the

7    Estate") of 779 Stradella LLC ("Debtor"), respectfully alleges as follows:

8    ## STATEMENT OF JURISDICTION AND VENUE

9    1.    The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28

10    U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 323, 541, 542, 543, 548, 549, 550 and 551.  The instant

11    adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C), (E) and (O).

12    2.    Venue properly lies in this judicial district in that the civil proceeding arises under

13    title 11 of the United States Code as provided in 28 U.S.C. § 1409.

14    3.    This adversary proceeding arises out of and is related to the case entitled *In re 779*

15    *Stradella, LLC*, a chapter 7 case current pending in the United States Bankruptcy Court, Central

16    District of California, the Honorable Catherine E. Bauer presiding ("the Bankruptcy Case").

17    ## PARTIES TO THE ACTION

18    4.    Plaintiff is the duly-appointed chapter 7 trustee of the Bankruptcy Estate.

19    5.    Upon information and belief, Paul Manafort ("Manafort") is an individual residing

20    in Alexandria, Virginia.

21    ## STATEMENT OF STANDING

22    6.    Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 541, 542,

23    543, 549, 550, and 551.

24    ## GENERAL ALLEGATIONS

25    7.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 6,

26    as though fully set forth herein.

27    8.    On December 21, 2016, the Debtor filed a voluntary petition for relief under

28    chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code.")  Upon a motion by the

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  United States Trustee, the Debtor's case was converted to one under chapter 7 by order entered on

2  December 1, 2017.  Thomas H. Casey was appointed the chapter 7 trustee on December 4, 2017.

3      9.     The Plaintiff is informed, believes, and alleges that the Debtor's sole asset is the

4  single-family residence located at 779 Stradella Road, Los Angeles, California 90077, Assessor's

5  Parcel No.:4369-022-017 (the "Property").

6      10.    The Plaintiff is informed, believes, and alleges that in Schedule A of Debtor's

7  bankruptcy schedules filed on January 27, 2017 (the "Schedules"), the Debtor listed the Property

8  and indicated the current value of its interest in the Property to be $8,673,143 [Dkt. No. 33].

9      11.    The Plaintiff is informed, believes, and alleges that in Schedule D, the Debtor listed,

10  a second position secured claim against the Property in the form of a Deed of Trust in favor of

11  Manafort ("Manafort Deed of Trust") in the amount of $2,709,690.00 [Dkt. No. 33].

12      12.    The Manafort Deed of Trust states that it secures "the indebtedness evidenced by a

13  promissory note dated March 30, 2016."  A true and correct copy of the Manafort Deed of Trust is

14  attached hereto as **Exhibit "A."**

15      13.    Plaintiff is informed, believes, and alleges that the Debtor purported to the grant the

16  Manafort Deed of Trust ("Transfer") on or about December 19, 2016 – just two days before the

17  Petition Date but almost 9 months after the alleged promissory note. The Manafort Deed of Trust

18  was recorded on December 20, 2016 – the day before the Petition Date.

19      14.    Plaintiff is informed, believes, and alleges that Jeffrey Yohai ("Yohai") is a member

20  of Baylor Holding LLC ("Baylor"). Baylor is the managing member of the Debtor.

21      15.    Plaintiff is informed, believes, and alleges that Yohai is the former son-in-law and

22  real estate partner of Manafort.

23      16.    Plaintiff is informed, believes, and alleges on December 1, 2016, Yohai executed a

24  Power of Attorney ("POA") appointing Manafort as his attorney in fact and authorizing Manafort

25  to act on his behalf. A true and correct copy of the POA is attached hereto as **Exhibit "B."**

26      17.    The Manafort Deed of Trust was executed by "Jeff Yohai, by Paul J. Manafort as

27  Attorney-in-Fact, by Paul J. Manafort."

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

719481.2

COMPLAINT

18.    Plaintiff is informed, believes, and alleges that also on December 1, 2016, Yohai executed a corporate resolution, as a member of Baylor, appointing Manafort as the managing member of Baylor. A true and correct copy of the corporate resolution is attached hereto as **Exhibit "C."**

19.    Plaintiff is informed, believes, and alleges that Manafort did not loan any funds to the Debtor but rather made a capital contribution the Debtor. The closing statement for the Property (along with its notes) suggest that Manafort's wife and Baylor deposited certain of the funds used to purchase the Property.  A true and correct copy of the closing statement and notes is attached hereto as **Exhibit "D."**

20.    Plaintiff is informed, believes, and alleges that Manafort has an equity interest in Baylor.

## **FIRST CLAIM FOR RELIEF**

(To Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. §§ 547 and 550)

21.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.    The Trustee is informed, believes, and alleges that the Transfer was a transfer of an interest of the Debtor in property.

23.    The Trustee is informed, believes, and alleges that the Transfer occurred less than 60 days prior to the Petition Date.

24.    The Trustee is informed, believes, and alleges that the Transfer was made to or for the benefit of Defendant.

25.    The Trustee is informed, believes, and alleges that the Transfer was made to Defendant on account of an alleged antecedent debt.

26.    The Trustee is informed, believes, and alleges that the Transfer was made while Debtor was insolvent.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

27. The Trustee is informed, believes, and alleges that by reason of the Transfer, Defendant obtained more than it would have received in the chapter 7 case if the Transfer had not been made.

28. By reason of the foregoing, the Transfer is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

29. The Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 547(b) and to recover the Transfer or the equivalent value of the Transfer from Defendant for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

(To Avoid Transfer and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 544(b) and 550,

and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09)

30. Trustee incorporates each and every allegation contained in paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. Upon information and belief, the Transfer occurred just two days prior to the Petition Date.

32. The Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

33. Creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

34. The Debtor made the Transfer to or for the benefit of Defendant.

35. The Debtor received no or inadequate consideration from the Defendant.

36. The Trustee is informed and believes, and on that basis alleges, that at the time of the Transfer, there was no obligation due and owing to the Defendant.

37. The Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

38. By reason of the foregoing, the Transfer is avoidable, and Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(1), 3439.07

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  and 3439.09 and Trustee is entitled to recover the Transfer or the value of the Transfer for the

2  benefit of the Estate pursuant to 11 U.S.C. § 550.

3  **THIRD CLAIM FOR RELIEF**

4  (To Avoid Transfer and Recover Constructively Fraudulently

5  Transferred Property Under 11 U.S.C. §§ 544(b) and 550, and

6  Cal. Civ. Code §§ 3439.04(a)(2), 3439.07 and 3439.09)

7  39.    Trustee incorporates each and every allegation contained in paragraphs 1 through

8  38, inclusive, as though fully set forth herein.

9  40.    At the time of the Transfer, the Debtor was engaged or was about to engage in a

10  business or a transaction for which the remaining assets of the Debtor were unreasonably small in

11  relation to the business or transaction.

12  41.    At the time of the Transfer, the Debtor intended to incur, or believed or reasonably

13  should have believed that it would incur, debts beyond its ability to pay as they became due.

14  42.    The Transfer was made to and for the benefit of Defendant.

15  43.    The Debtor did not receive reasonably equivalent value for making the Transfer and

16  did not make the Transfer in good faith.

17  44.    By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside

18  the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439(a)(2), 3439.07 and

19  3439.09, and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit

20  of the Estate pursuant to 11 U.S.C. § 550.

21  **FOURTH CLAIM FOR RELIEF**

22  (To Avoid Transfer and Recover Intentionally Fraudulently

23  Transferred Property Under 11 U.S.C. §§ 548(a)(1)(A) and 550)

24  45.    The Trustee incorporates each and every allegation contained in paragraphs 1

25  through 44, inclusive, as though fully set forth herein.

26  46.    The Trustee is informed, believes, and alleges that the Transfer occurred during the

27  one-year period immediately preceding the Petition Date.

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  47.   The Trustee is informed, believes, and alleges that the Transfer was made with the

2  actual intent to hinder, delay or defraud Debtor's creditors.

3  48.   The Trustee is informed, believes, and alleges that creditors existed at the time of

4  the Transfer that remained unpaid as of the Petition Date.

5  49.   The Trustee is informed, believes, and alleges that Debtor made the Transfer to or

6  for the benefit of the Defendant.

7  50.   The Trustee is informed, believes, and alleges that Debtor received no consideration

8  or inadequate consideration from the Defendant for the Transfer.

9  51.   The Trustee is informed, believes, and alleges that Debtor was insolvent at the time

10  of the Transfer and/or was rendered insolvent by virtue of the Transfer.

11  52.   The Trustee is informed, believes, and alleges that the Defendant did not take the

12  Transfer in good faith.

13  53.   By reason of the foregoing, the Transfer is avoidable, Plaintiff is entitled to set aside

14  the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A), and Plaintiff is entitled to recover the Transfer

15  or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

16  **FIFTH CLAIM FOR RELIEF**

17  (To Avoid Transfer and Recover Constructively Fraudulently

18  Transferred Property Under 11 U.S.C. §§ 548(a)(1)(B) and 550)

19  54.   The Trustee incorporates each and every allegation contained in paragraphs 1

20  through 53, inclusive, as though fully set forth herein.

21  55.   The Trustee is informed, believes, and alleges that at the time of the Transfer,

22  Debtor was engaged in or was about to engage in a business or a transaction for which Debtor's

23  remaining assets were unreasonably small in relation to the business or transaction.

24  56.   The Trustee is informed, believes, and alleges that at the time of the Transfer,

25  Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts

26  beyond his ability to pay as they became due.

27  57.   The Trustee is informed, believes, and alleges that the Transfer was made to and for

28  the benefit of the Defendant.

58.     The Trustee is informed, believes, and alleges that Debtor did not receive reasonably equivalent value for making the Transfer.

59.     The Trustee is informed, believes, and alleges that Debtor did not make the Transfer in good faith.

60.     The Trustee is informed, believes, and alleges that the Defendant did not take the Transfer for reasonably equivalent value.

61.     The Trustee is informed, believes, and alleges that the Defendant did not take the Transfer in good faith.

62.     By reason of the foregoing, the Transfer is avoidable, Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and Plaintiff is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SIXTH CLAIM FOR RELIEF

(To Preserve Transfers for the Benefit of the Estate

Pursuant to 11 U.S.C. § 551)

63.     Trustee incorporates each and every allegation contained in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.     Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate as the Transfer is avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against the Defendant as follows:

## On the First Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a preferential transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendant in the amount of the Transfer.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Second Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendant in the amount of the Transfer.

### On the Third Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendant in the amount of the Transfers.

### On the Fourth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendant in the amount of the Transfer.

### On the Fifth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendant in the amount of the Transfer.

### On the Sixth Claim for Relief

For preservation of the Transfer for the benefit of the Estate.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## On All Claims for Relief

For such other and further relief as this Court may deem just and proper.


Respectfully submitted,


Dated:   April 26, 2018                    WEILAND GOLDEN GOODRICH LLP


                                           By:   */s/ Faye C. Rasch*_____
                                                 FAYE C. RASCH
                                                 Attorneys for Chapter 7 Trustee,
                                                 Thomas H. Casey

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

719481.2                          10                          COMPLAINT

# EXHIBIT A



**This page is part of your document - DO NOT DISCARD**

## 20161618867



**Pages:**
**0007**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**12/20/16 AT 03:36PM**

| | |
|---|---|
| **FEES:** | 58.00 |
| **TAXES:** | 0.00 |
| **OTHER:** | 0.00 |
| **PAID:** | 58.00 |





**L E A D S H E E T**



201612200750026

00013138328



008029251

**SEQ:**
**01**

**DAR - Counter (Upfront Scan)**



**THIS FORM IS NOT TO BE DUPLICATED**

Description: Los Angeles,CA Document - Year.DocID 2016.1618867 Page: 1 of 7
Order: la Comment:

EXHIBIT A    PAGE 11

Recording requested by:
Bruce E. Baldinger, Esq.

And when recorded, mail to:
Bruce E. Baldinger, Esq.
365 South Street
Morristown, NJ 07960

For recorder's use

---

## DEED OF TRUST AND ASSIGNMENT OF RENTS SECURING A PROMISSORY NOTE

This Deed of Trust, made December 19, 2016, between 779 Stradella, LLC, whose address is 3991 MacArthur Blvd., Suite 125, Newport Beach, CA 92660, as the Trustor, Fidelity National Title Co., 5000 Sepulveda Blvd., Suite 500, Sherman Oaks, CA 91403 as the Trustee, and Paul J. Manafort, whose address is 721 Fifth Avenue, Apt. 43G, New York, NY 10022, as the Beneficiary.

1.  Trustor hereby **IRREVOCABLY GRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE,**
    1.1 the real property in the City of Los Angeles, County of Los Angeles, California, referred to as:

    See Property Description on Exhibit "A"

    APN: 4369-022-017

    1.2 **TOGETHER WITH** the rents, issues and profits of the real property, subject to the provisions of §3.4, herein to collect and apply the rents, issues and profits,
    1.3 For the purpose of securing payment of:
       a)   the indebtedness evidenced by a promissory note dated as of March 30, 2016 executed by Trustor, in the sum of $2,709,690.00;
       b)   Any additional sums and interest hereafter loaned by Beneficiary to the then record Owner of the real property, evidenced by a promissory note or notes, referencing this Deed of Trust as security for payment;
       c)   The Beneficiary's charge for a statement regarding the secured obligations requested by or for Trustor; and
       d)   The performance of each agreement contained in this Deed of Trust.
2.  **To protect the security of this Deed of Trust, Trustor agrees:**
    2.1 **CONDITION OF PROPERTY** – To keep the property in good condition and repair; not to remove or demolish any building; to complete and restore any building which may be constructed, damaged or destroyed; to comply with all laws affecting the property or requiring any alterations or improvements to be made; not to commit or permit waste; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the property may be reasonably necessary.
    2.2 **HAZARD INSURANCE** – Trustor will continuously maintain hazard insurance against loss by fire, hazards included within the term "extended coverage," and any other hazards for which Beneficiary requires insurance. The insurance will be maintained in the amounts and for the periods Beneficiary requires. The insurance carrier providing the insurance will be chosen by Trustor, subject to Beneficiary's approval, which will not be unreasonably withheld. All insurance policies will be acceptable to Beneficiary, and contain loss payable clauses acceptable to

*Description: Los Angeles,CA Document - Year.DocID 2016.1618867 Page: 2 of 7*
*Order: 1a Comment:*

EXHIBIT A     PAGE 12

Beneficiary. Beneficiary will have the right to hold policies and renewals.

In the event of loss, Trustor will give prompt notice to the insurance carrier and Beneficiary. Beneficiary may make proof of loss if not made promptly by Trustor. Beneficiary mencuay place the proceeds in a non-interest bearing account to be used for the cost of reconstruction of the damaged improvements. If Trustor fails to reconstruct, Beneficiary may receive and apply the loan proceeds to the principal debt hereby secured, without a showing of impairment.

**2.3 ATTORNEY FEES** – To appear in and defend any action or proceeding purporting to affect the security, or the rights and powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidencing title and attorney fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.

**2.4 TAXES AND SENIOR ENCUMBERANCES** – To pay at least 10 days before delinquency: all taxes and assessments affecting the property, including water stock assessments when due, all encumbrances, charges and liens, with interest, on the property which are or appear to be senior to this Deed of Trust; and all expenses of this Deed of Trust.

**2.5 ACTS AND ADVANCES TO PROTECT THE SECURITY** – If Trustor fails to make any payment or to perform any act provided for in this Deed of Trust, then Beneficiary or Trustee may, without obligation to do so, and with or without notice or demand upon Trustor, and without releasing Trustor from any obligation under this Deed of Trust:

a) Make or do the same to the extent either deems necessary to protect the security, Beneficiary or Trustee being authorized to enter upon the property to do so;

b) Appear in or commence any action or proceeding purporting to affect the security, or the rights or powers of Beneficiary or Trustee;

c) Pay, purchase, contest or settle any encumbrance, charge or lien that appears to be senior to this Deed of Trust.

In exercising the power of this provision, Beneficiary or Trustee may incur necessary expenses, including reasonable attorney fees.

Trustor to immediately pay all sums expended by Beneficiary or Trustee provided for in this Deed of Trust, with interest from date of expenditure at the same rate as the principal debt hereby secured.

**3. It is further mutually agreed that:**

**3.1 ASSIGNMENT OF DAMAGES** – Any award of damages made in connection with:

a) Condemnation for use of or injury to the property by the public, or conveyance in lieu of condemnation; or

b) Injury to the property by any third party;

is assigned to Beneficiary, who may apply or release the proceeds of such an award in the same manner and with the same effect as above provided for the disposition of hazard insurance proceeds.

**3.2 WAIVER** – By accepting payment of any sum due after its due date, Beneficiary does not waive Beneficiary's right to either require prompt payment when due of all other sums or to declare a default for failure to pay. Beneficiary may waive a default of any agreement of this Deed of Trust, by consent or acquiescence, without waiving any prior or subsequent default.

**3.3 DUE-ON-SALE** – If Trustor decides to sell, transfer or convey any interest in the property, legal or equitable, either voluntarily or by operation of law, then Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust immediately due and payable.

**3.4 ASSIGNMENT OF RENTS** – Trustor hereby assigns and transfers to Beneficiary all right, title and interest in rents generated by the property, including rents now due, past due, or to become due under any use of the property, to be applied to the obligations secured by this Deed of Trust.

a) Prior to a default on this Deed of Trust by Trustor, Trustor will collect and retain the rents

b) On default by Trustor, Beneficiary will immediately be entitled to possession of all unpaid rents.

*Description: Los Angeles,CA Document - Year.DocID 2016.1618867 Page: 3 of 7*
*Order: la Comment:*

EXHIBIT A    PAGE 13

**3.5 ACCELERATION** – If payment of any indebtedness or performance of any agreement secured by this Deed of Trust is in default, Beneficiary may at Beneficiary's option, with or without notice to Trustor, declare all sums secured immediately due and payable by:
    a) Commencing suit for their recovery or for foreclosure of this Deed of Trust
    b) Delivering to Trustee a written notice declaring a default with demand for sale; a written Notice of Default and election to sell to be recorded by Trustee.

**3.6 TRUSTEE'S SALE** – On default of any obligation secured by this Deed of Trust and acceleration of all sums due, Beneficiary may instruct Trustee to proceed with a sale of the secured property under the power of sale granted herein, noticed and held in accordance with California Civil Code §2924 et seq.

**3.7 TRUSTOR'S OFFSET STATEMENT** - Within 10 days of Trustor's receipt of a written request by Beneficiary, Trustor will execute a written estoppel affidavit identifying for the benefit of any assignee or successor in interest of Beneficiary: the then owner of the secured property; the terms of the secured note, including its remaining principal balance; any taxes or assessments due on the secured property; that the secured note is valid and the Trustor received full and valid consideration for it; and that Trustor understands the note and this Deed of Trust are being assigned.

4. **ADDENDA** – If any of the following addenda are executed by Trustor and recorded together with this Deed of Trust, the covenants and agreements of each will incorporate, amend and supplement the agreements of this Deed of Trust (check applicable boxes by hand): ☐ owner-occupancy rider; ☐ all-inclusive trust deed addendum; ☐ impounds for taxes and insurance addendum ☐ Private Mortgage Insurance (PMI) rider ☐ other:

5. **RECONVEYANCE** – Upon written request from Beneficiary stating that all sums secured by this Deed of Trust have been paid, surrender of this Deed of Trust and the note to Trustee for cancellation, and payment of Trustee's fees, Trustee will reconvey the property held under this Deed of Trust.

6. **SUCCESSORS, ASSIGNS AND PLEDGEES** – This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary will mean the holders and owner of the secured note, or, if the note has been pledged, the pledgee.

7. **TRUSTEE'S FORECLOSURE NOTICES** – The undersigned Trustor(s) requests a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address herein set forth.

Date: December 19, 2016    Trustor:    779 Stradella, LLC, a Delaware Limited Liability Company

*By Paul Manafort as his Attorney-in-Fact*

By: *PAUL J. MANAFORT*

Name: Jeff Yohai
Title: Managing Member

EXHIBIT A     PAGE 14

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On _December 20, 2016_ before me, _Pam Scott, Notary Public_
(insert name and title of the officer)

personally appeared _Paul J. Manafort_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

PAM SCOTT
Commission # 2128243
Notary Public - California
Los Angeles County
My Comm. Expires Oct 23, 2019

R2: Deed of Trust + Assignment of Rents Securing a Promissory Note
Attorney in Fact for JEFF Yohai

Description: Los Angeles,CA Document - Year.DocID 2016.1618867 Page: 5 of 7
Order: la Comment:

**Exhibt A**

*Description: Los Angeles,CA Document - Year.DocID 2016.1618867 Page: 6 of 7*
*Order: la Comment:*

## LEGAL DESCRIPTION

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

THOSE PORTIONS OF LOT 4 IN BLOCK 2 OF TRACT NO. 9745, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 141, PAGES 93 THROUGH 96, AND LOT 22 OF TRACT NO. 11067, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 198, PAGES 19 AND 20 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

COMMENCING AT THE MOST SOUTHWESTERLY CORNER OF SAID LOT 4; THENCE ALONG THE SOUTHEASTERLY LINE OF SAID LOT NORTH 41° 59' 40" EAST A DISTANCE OF 112.02 FEET TO THE TRUE POINT OF BEGINNING; THENCE LEAVING SAID SOUTHEASTERLY LINE, NORTH 24° 31' 22" WEST A DISTANCE OF 15.17 FEET; THENCE NORTH 09° 37' 57" WEST A DISTANCE OF 48.81 FEET; THENCE NORTH 18° 27' 18" WEST A DISTANCE OF 42.60 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 73.18 FEET; THENCE NORTHERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 24° 20' 16", AN ARC DISTANCE OF 31.08 FEET; THENCE NORTH 42° 47' 34" WEST A DISTANCE OF 37.32 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 17.70 FEET; THENCE NORTHERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 31° 33' 20", AN ARC DISTANCE OF 9.75 FEET; THENCE NORTH 11° 14' 14" WEST A DISTANCE OF 24.84 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE NORTHEASTERLY HAVING A RADIUS OF 23.20 FEET; THENCE NORTHERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 24° 19' 38", AN ARC DISTANCE OF 9.85 FEET, THENCE NORTH 13° 05' 24" EAST A DISTANCE OF 6.22 FEET, THENCE NORTH 18° 14' 09" EAST A DISTANCE OF 63.54 FEET, THENCE NORTH 28° 01' 59" EAST A DISTANCE OF 33.44 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY HAVING A RADIUS OF 10.00 FEET; THENCE NORTHERLY ALONG SAID CURVE, THROUGH A CENTRAL ANGLE OF 38° 27' 15" AN ARC DISTANCE OF 6.71 FEET; THENCE NORTH 14° 08' 20" WEST A DISTANCE OF 80.62 FEET TO THE MOST NORTHWESTERLY CORNER OF SAID LOT 22; THENCE EASTERLY ALONG THE NORTHERLY LINE OF SAID LOT TO THE MOST NORTHEASTERLY CORNER THEREOF; THENCE SOUTHERLY ALONG THE EASTERLY LINES OF SAID LOTS 4 AND 22 TO THE MOST SOUTHEASTERLY CORNER OF SAID LOT 4; THENCE SOUTHWESTERLY ALONG THE SOUTHERLY LINE OF SAID LOT 4 TO THE TRUE POINT OF BEGINNING.

SAID LAND IS SHOWN AS PROPOSED PARCEL 2 ON THE CERTIFICATE OF COMPLIANCE RECORDED DECEMBER 23, 2005 AS INSTRUMENT NO. 05-3177023, OFFICIAL RECORDS.

APN: 4369-022-017

# EXHIBIT B

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO:

ORDER NO.:

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## POWER OF ATTORNEY – GENERAL

**KNOW ALL MEN BY THESE PRESENTS**

That Jeffrey Yohai have made, constituted and appointed, and by these presents does hereby make, constitute and appoint Paul Manafort, or Jessica Manafort as his true and lawful Attorney(s) for him and in his name, place and stead to ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interests, dividends, annuities and demands whatsoever as are now or shall hereafter become due, owing, payable or belonging to the undersigned; and have, use and take all lawful ways and means in the name of the undersigned, or otherwise, for the recovery thereof, by legal process, and to compromise and agree for the same, and grant acquittances or other sufficient discharges for the same, for the undersigned, and in the name of the undersigned to make, seal, and deliver the same; to compromise any and all debts owing by the undersigned, and to convey, transfer, and/or assign any property of any kind or character belonging to the undersigned in satisfaction of any debt owing by us or either of us; to bargain, contract, agree for, purchase, receive, and take lands, tenements, hereditaments, and accept the seisin and possession of all lands, and all deeds and other assurances in the law therefor; and to lease, let, demise, bargain, sell, remise, release, convey, mortgage, convey in trust, and hypothecate lands, tenements, and hereditaments, upon such terms and conditions, and under such covenants as said attorney shall think fit; to exchange real or personal property for other real or personal property, and to execute and deliver the necessary instruments of transfer or conveyance to consummate such exchange; to execute and deliver subordination agreements subordinating any lien, encumbrance or other right in real or personal property to any other lien, encumbrance, or other right therein; also to bargain and agree for, buy, sell, mortgage, hypothecate, convey in trust or otherwise, and in any and every way and manner deal in and with goods, wares and merchandise, chooses in action, and other property in possession or in action, including authority to utilize my eligibility for VA Guaranty; also to transfer, assign, and deliver stock and the certificate or certificates evidencing the ownership of the same; and to make, do and transact all and every kind of business of what nature and kind soever; and, also, for the undersigned and in the name(s) and as the act and deed of the undersigned, to sign, seal, execute, deliver and acknowledge such deeds, covenants, leases, indentures, agreements, mortgages, deeds of trust, hypothecations, assignments, bottomries, charter parties, bills of lading, bills, bonds, notes, receipts, evidences of debts, releases and satisfactions of mortgage, and judgment and other debts, and such other instruments in writing, of whatever kind of nature, as may be reasonable, advisable, necessary, or proper in the premises. Each and all of the powers herein granted shall be exercised by said Attorney **whether the property affected be separate, community, or any other kind of property, or whether now owned or hereafter acquired.**

The actions by a single person acting as Attorney shall be deemed sufficient and there shall be no requirement that all Attorney's in Fact named herein be required to jointly or unanimously act in his stead.

Page 1 of 2

POA (DSI Rev. 11/05/14)

Order No.: **002-23081567-**

Giving and granting unto said Attorney(s) full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as the undersigned might or could do if personally present, the undersigned hereby expressly ratifying and confirming all that said Attorney shall lawfully do or cause to be done by virtue of these presents.

Dated: December 1, 2016

Jeffrey Yohai

FOR NOTARY SEAL OR STAMP

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )ss:
COUNTY OF Los Angeles

On December 1, 2016                    before me,

Carina Avira, Notary public

a Notary Public, personally appeared Jeffrey Yohai who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity and that by his signature on the instrument the person, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Carina Avina



CARINA AVINA
Commission # 2103438
Notary Public - California
Los Angeles County
My Comm. Expires Mar 16, 2019

POA (DSI Rev. 11/05/14)

# EXHIBIT C

## RESOLUTION OF
## BAYLOR HOLDING LLC

The Members of Baylor Holding LLC (the "Company") having waived any formal requirement of notice and having met on this 1 day of December, 2016, resolve as follows:

1. Paul J. Manafort ("Manafort") be and is hereby appointed as Sole Manager of the Company
2. Bruce E. Baldinger ("Baldinger") be and is hereby appointed as Special Secretary and Special Manager and shall act on behalf of both the Company and Borrower, if different from the Company, to execute all documents needed to effectuate and complete the abny and all loan documents authorized by the Manager to be entered into inclusive of, but not limited to, all deeds of trust, notes, mortgages, affidavits, settlement statements, and escrows.
3. No further business.

_____
Paul J. Manafort, Member
Dated:

_____
Jeffrey Yohai, Member
Dated: 12/1/16

2465039.2

EXHIBIT C      PAGE 20

## UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SANTA DIVISION

| In re 779 Stradella, LLC, a Delaware Limited Liability Company, Debtor | Case No. 8:16-BK-15156-CB Chapter 11 |
|---|---|

### STATEMENT REGARDING CORPORATE RESOLUTION

The undersigned Jeff Yohai, Manager of Baylor Holdings, LLC, managing member of Debtor 779 Stradella, LLC ("Debtor").  On December 21, 2016, the following resolution was fully adopted by Debtor.

"WHEREAS, it is in the best interests of Debtor to file a voluntary petition in the United States Bankruptcy Court pursuant to the Chapter 11 of Title 11 of the United States Code:

"NOW, THEREFORE, BE IT RESOLVED, that Jeff Yohai, Manager of Baylor Holdings, LLC, managing member of Debtor 779 Stradella, LLC be and is hereby authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 11 voluntary bankruptcy case in the United States Bankruptcy Court on behalf of the limited liability company; and

"BE IT FURTHER RESOLVED, that Jeff Yohai, Manager be and hereby is, authorized and directed to appear in all such bankruptcy proceedings on behalf of the limited liability company, and to otherwise do and perform any and all acts and deeds and to execute and deliver all necessary documents on behalf of Debtor in connection with said bankruptcy proceedings; and

"BE IT FURTHER RESOLVED, that Jeff Yohai, Manager be and hereby is, authorized and directed to employ Marc C. Forsythe, Attorney and the law firm of Goe & Forsythe, LLP, to represent Debtor in said bankruptcy proceedings."

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A LIMITED LIABILITY COMPANY

I, Jeff Yohai, Manager of Baylor Holdings, LLC, managing member of Debtor 779 Stradella, LLC named as debtor in this case, declare under penalty of perjury that I have read the foregoing resolution and its is true and correct to the best of my knowledge, information, and belief.

Dated: December 21, 2016

By: Jeff Yohai
Its: Manager of Baylor Holdings, LLC, managing member of 779 Stradella, LLC

EXHIBIT C     PAGE 21

# EXHIBIT D

CWB31224 As of 1/22/2018 12:41:14 PM

Page 1



Chartwell Escrow, Inc.
150 S. Rodeo Dr. #120 Beverly Hills CA 90212
Phone: (310) 246-1272
Fax: (310) 246-1276
Escrow Officer: Patsy Addy



CWB31224-PA

## Buyer's / Borrower's Settlement Statement - Final

| | |
|---|---|
| Property: | 779 Stradella Road |
| | Los Angeles, CA 90077-3307 |

| | |
|---|---|
| Closed Date: | 3/30/2016 |
| Loan Number: | 2015000726 |
| Disbursement Date: | 3/30/2016 |
| Escrow Number: | CWB31224-PA |

Buyer: 779 Stradella, LLC a Delaware Limited Liability Company By: Baylor Holding, LLC, a Delaware Limited Liability Company, its Managing Member

| | Debits | Credits |
|---|---|---|
| **Purchase Price** | | |
| Purchase Price | $8,500,000.00 | |
| **Deposits** | | |
| Earnest Money | | $50,000.00 |
| Deposit by Buyer | | $205,000.00 |
| Deposit by Buyer | | $170,000.00 |
| Deposit by Buyer | | $32,500.00 |
| Deposit by Buyer | | $7,000.00 |
| Deposit by Buyer | | $12,690.00 |
| Deposit by Buyer | | $1,685,000.00 |
| Deposit by Buyer | | $600,000.00 |
| Deposit by Buyer | | $30,000.00 |
| **New Loan 1 (Loan# : 2015000726)** | | |
| Principal from Genesis Capital Master Fund II, LLC, a delaware limited liability company, a California Finance Lend | | $5,950,000.00 |
| Loan Origination Fee | $89,250.00 | |
| Loan Discount | $29,750.00 | |
| Appraisal Fee to Miles Mason | $395.00 | |
| Administration Fee to Genesis Capital Master Fund II, LLC, a delaware limited liability company, a California Finance Lend | $100.00 | |
| Wire Fee to Genesis Capital Master Fund II, LLC, a delaware limited liability company, a California Finance Lend | $30.00 | |
| Underwriting Fee to Genesis Capital Master Fund II, LLC, a delaware limited liability company, a California Finance Lend | $795.00 | |
| BPO to David Bombardier | $1,000.00 | |
| Interest from 03/30/16 to 04/01/16 @1487.5 / day | $2,975.00 | |
| **Prorations** | | |
| County Taxes (Paid) 22438.1200/6 mos for 03/30/16 thru 07/01/16 | $11,343.72 | |
| Per diem from 02/08/2016 to 02/26/2016 | $13,500.00 | |
| Per diem from 02/26/2016 to 03/02/2016 | $6,250.00 | |
| Per diem from 03/03/2016 to 03/11/2016 | $18,000.00 | |
| Per diem from 03/12/2016 to 03/29/2016 | $36,000.00 | |
| **Escrow Charges** | | |
| Settlement or Closing fee | $17,400.00 | |
| Loan Tie-In Fee | $3,500.00 | |
| Wire Fee | $70.00 | |
| Email Loan Doc. Processing + insurance endorsement | $250.00 | |
| FedEx/Overnight Fee | $50.00 | |
| Misc. Escrow Fee Archiving Fee | $50.00 | |
| Document Preparation | $200.00 | |
| Notary Fee to Darlene Howe | $200.00 | |
| **Title Charges** | | |

| | |
|---|---|
| Lender's Coverage to First American Title Company | $2,305.00 |
| Sub-Escrow Fee | $62.50 |
| Add'l Title Charge -- > Special Messenger | $53.78 |
| **Recording Fees / Transfer Taxes** | |
| Aggregate Recording Charge | $131.00 |
| **Additional Settlement Fees** | |
| Other 1300 Item 1 to Bell's Express | $250.00 |
| **Proceeds or Balance Due** | |
| Borrower Refund | $8,279.00 |

CWB31224 As of 1/22/2018 12:41:14 PM (cont'd from Page 1)                    Page 2



Chartwell Escrow, Inc.
150 S. Rodeo Dr. #120 Beverly Hills CA 90212
Phone: (310) 246-1272
Fax: (310) 246-1276
Escrow Officer: Patsy Addy



CWB31224-PA

### Buyer's / Borrower's Settlement Statement - Final

| | Debits | Credits |
|---|---|---|
| Balance Due | | $0.00 |
| Totals: | $8,742,190.00 | $8,742,190.00 |

Save this Statement for Income Tax purposes.

| Amount | Deposit Type | Sent From Account |
|---|---|---|
| $50,000.00 | Earnest Money | New York Iola Trust via Bank of America |
| $205,000.00 | Deposit by buyer | MC Brooklyn Holding from UBS |
| $170,000.00 | Deposit by buyer | MC Brooklyn Holding from UBS |
| $32,500.00 | Deposit by buyer | Jeff and Walter Partners via Chase Bank |
| $7,000.00 | Deposit by buyer | New York Iola Trust via Bank of America |
| $12,690.00 | Deposit by buyer | Jeff and Walter Partners via Chase Bank |
| $30,000.00 | Deposit by buyer | MC Brooklyn Holding from UBS |
| $600,000.00 | Deposit by buyer | Kathleen Manafort via UBS |
| $1,685,000.00 | Deposit by buyer | Baylor Holding LLC via Banc of California |

**NOTES**

from Steven Czik (lawyer for Jeff in NY) Escrow Accoι

from Steven Czik (lawyer for Jeff in NY) Escrow Accoι

c/o Paul Manafort
*$663,043.00 from 2401 Nottingham LLC Banc of Ca

ınt

ınt

lifornia account and $1,024,864.81 from MC Brooklyn Holding, LLC Banc of California account

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>THOMAS H. CASEY,<br>Chapter 7 Trustee of the Estate 779 Stradella, LLC | DEFENDANTS<br><br>PAUL J. MANAFORT,<br>an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>WEILAND GOLDEN GOODRICH LLP<br>650 Town Center Drive, Suite 950, Costa Mesa, CA 92626<br>Telephone: (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor           □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor           □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor        □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (2) To Avoid and Recovery Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09; (3) To Avoid and Recovery Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550; (4) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (5) To Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. §§ 547(b) and 550; and (6) To Preserve Avoided Transfers Pursuant to 11 U.S.C. § 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property – §542 turnover of property
[2] 12-Recovery of money/property – §547 preference
[1] 13-Recovery of money/property – §548 fraudulent transfer
[3] 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>779 Stradella, LLC, a Delaware limited liability company | BANKRUPTCY CASE NO.<br>8:16-bk-15156-CB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Catherine Bauer |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Faye C. Rasch | | |
| DATE<br>04/26/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Faye C. Rasch | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.